937 P.2d 706

Joseph J. DUGAN, individually, and as duly-appointed guardian for and on behalf of Sarah J. Dugan, his incapacitated adult wife; Margaret Dugan Radovanovich, Diane Dugan Roche, Lynne M. Dugan, and Brian Dugan, children of Joseph J. and Sarah J. Dugan, Plaintiffs–Appellants,

v.

FUJITSU BUSINESS COMMUNICATIONS SYSTEMS, INC., a California corporation, Defendant–Appellee.

No. 1 CA–CV 95–0223.

Court of Appeals of Arizona,
Division 1, Department B.

March 18, 1997.

As Amended on Reconsideration
April 18, 1997.

OPINION

WEISBERG, Judge.

Joseph Dugan, individually and as guardian of his wife, Sarah Dugan, and their four adult children, Margaret Dugan Radovanovich, Diane Dugan Roche, Lynne Dugan, and Brian Dugan (plaintiffs) appeal the trial court's entry of summary judgment in favor of Fujitsu Business Communications, Inc. (defendant). We reverse in part and affirm in part.

## FACTUAL [1] AND PROCEDURAL HISTORY

On November 2, 1990, Sarah Dugan suffered a heart attack and collapsed, unconscious, at her place of employment, American Express Travel Related Services (AETRS). Sarah's co-workers attempted to call the 9–1–1 emergency telephone number to summon aid. They were, however, unable to reach the 9–1–1 operator from their workplace telephones. Unbeknownst to its employees, AETRS had purchased a telephone system which blocked 9–1–1 service in favor of an in-house emergency number. Due to the inability to directly access 9–1–1 services, emergency medical help was delayed and Sarah suffered prolonged oxygen deprivation causing severe, irreversible brain damage.

Defendant manufactured and sold the telephone system that prevented access to 9–1–1 emergency service. No warnings that 9–1–1 service was blocked were posted on or near the telephones.

Plaintiffs brought suit against defendant and several others who are not parties to this appeal, alleging defendant's liability. Personal claims were made on Sarah's behalf and loss of consortium claims were brought by Joseph and the children.

Defendant moved for summary judgment, arguing that plaintiffs' claims were barred by the automatic assignment provision of Ariz. Rev.Stat.Ann. (A.R.S.) section 23–1023(B). A.R.S. section 23–1023(A) permits an em-

Whissen, Tidmore & Guendel, P.C. by William K. Whissen, Phoenix, for Plaintiffs–Appellants.

Broening Oberg Woods Wilson & Cass by James R. Broening and Kenneth C. Miller, Phoenix, for Defendant–Appellee.

1. On appeal from a grant of summary judgment, we view the facts and evidence, and all reasonable inferences therefrom, in the light most favorable to the party against whom judgment was entered. *United Bank of Arizona v. Allyn,* 167 Ariz. 191, 193, 805 P.2d 1012, 1014 (App.1990).

ployee who is injured on the job, and/or the employee's dependents, to file an action against any party, other than the employer and other employees, responsible for the employee's injuries. Subsection (B) provides:

> If the employee entitled to [workers' compensation], or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof, or may be reassigned in its entirety to the employee or his dependents. After the reassignment, the employee entitled to compensation, or his dependents, shall have the same rights to pursue the claim as if it had been filed within the first year.

Defendant argued that this action must be dismissed because plaintiffs had neither filed suit within one year after Sarah's injury nor obtained a valid reassignment of the claim.

Plaintiffs responded and filed a cross-motion for summary judgment, asserting arguments that have not been raised in this appeal. In their reply on their cross-motion for summary judgment,[2] plaintiffs argued that A.R.S. section 12–502, which tolls the statute of limitations for claims of incompetent persons, acted similarly upon the automatic assignment provision of A.R.S. section 23–1023(B). Defendant countered that A.R.S. section 12–502 did not apply because A.R.S. section 23–1023(B) is not a statute of limitations and, in any event, plaintiffs had never alleged in their complaint that Sarah was of unsound mind.

The trial court granted summary judgment in favor of defendant, finding that A.R.S. section 12–502 does not toll the automatic assignment provision of A.R.S. section 23–1023(B). Plaintiffs appeal, renewing their argument regarding the applicability of A.R.S. section 12–502, and raising the addi-

tional argument that the automatic assignment could not affect the claims of Sarah's husband and adult children because Sarah survived the accident.

## DISCUSSION

### I. Sarah's Claims

A.R.S. section 12–502 provides in part:

> If a person entitled to bring an action ... is at the time the cause of action accrues ... of unsound mind, the period of such disability shall not be deemed a portion of the period limited for commencement of the action.

Plaintiffs argue that, since A.R.S. section 23–1023(B) effectively limits to one year the period of time within which one entitled to workers' compensation may bring a third party claim, the tolling effect of A.R.S. section 12–502 must apply to that limitation. Any other interpretation, they posit, would violate Article 18 section 6 of the Arizona Constitution, which prohibits the abrogation of an action for damages. *See Barrio v. San Manuel Div. Hosp.*, 143 Ariz. 101, 104, 692 P.2d 280, 283 (1984). Defendant counters that A.R.S. section 12–502 does not toll the automatic assignment provision of A.R.S. section 23–1023(B) because that statute does not limit the time in which the *action* may be commenced, but merely determines the identity of the real party in interest. We agree with plaintiffs.

██ Questions of statutory interpretation are issues of law that we review *de novo*. *Barry v. Alberty*, 173 Ariz. 387, 389, 843 P.2d 1279, 1281 (App.1992). The guiding principle of statutory construction is to ascertain and give effect to legislative intent. *Devenir Assoc. v. City of Phoenix*, 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991). When interpreting statutes, we look first to their language; if it is plain and unambiguous, we apply it without resorting to other rules of statutory construction. *State v. Reynolds*, 170 Ariz. 233, 234, 823 P.2d 681, 682 (1992). The language at issue, however, must be considered in the context of the entire statutory scheme of

---

**2.** Defendant unsuccessfully moved to strike this argument as untimely raised, but was permitted

an additional opportunity to respond to it.

which it is a part. *Guzman v. Guzman*, 175 Ariz. 183, 187, 854 P.2d 1169, 1173 (App. 1993).

[5, 6] If the statutory language is not clear, we may look to other indicia of legislative intent, including subject matter, consequences, and the reason and spirit of the statutes. *State v. Iniguez*, 169 Ariz. 533, 536, 821 P.2d 194, 197 (App.1991). Furthermore, whenever possible we must adopt a reasonable interpretation and harmonization of statutes so that we may avoid ruling upon issues of constitutionality. *Aitken v. Industrial Comm'n*, 183 Ariz. 387, 389, 904 P.2d 456, 458 (1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1824, 134 L.Ed.2d 930 (1996). In this case, our goal is to harmonize A.R.S. sections 12–502 and 23–1023(B) to reach a reasonable and constitutional result.

■ A.R.S. section 12–502 was enacted to mitigate the fundamental unfairness of rigidly enforcing a statute of limitations against a mentally incompetent person. *Brooks v. Southern Pacific Co.*, 105 Ariz. 442, 444–45, 466 P.2d 736, 738–39 (1970).[3] The statute typically has acted to toll the various time limits set out in A.R.S. section 12, chapter 5, of which it is a part. Its language, however, does not restrict its application to *only* those time limits in section 12, chapter 5, nor does it specify to which other statutes or causes of action it applies. *Compare* A.R.S. § 12–501 (providing that period of absence from state is only excluded from "the time limited by the provisions of this chapter"). By its terms, A.R.S. section 12–502 applies whenever there is a "period limited for commencement of [an] action."

■ A.R.S. section 23–1023(B) limits to one year the time in which an *injured employee* may bring a third party action on a workers' compensation claim. In the event of the employee's successful recovery from a third party, subsection (C) of the statute allows the employer or its insurance carrier to assert a lien on the proceeds for any compensation benefits paid to the employee. After a year has passed, the cause of action transfers to the employer or its insurance carrier. A.R.S. § 23–1023(B). A.R.S. section 23–1023 was enacted, in part, to prevent employees from receiving double recovery and to help ensure that culpable third parties would pay their share of the employee's damages. *Aitken*, 183 Ariz. at 393, 904 P.2d at 462.

Defendant concedes that section 23–1023(B) has been construed by our supreme court as an "unconditional statutory assignment" which occurs by "operation of law" one year after a cause of action accrues. *See K.W. Dart Truck Co. v. Noble*, 116 Ariz. 9, 11, 567 P.2d 325, 327 (1977). Nevertheless, it argues that, because the statute does not operate as a time limitation on the entire action, but only upon the person who may bring the action, A.R.S. section 12–502 cannot apply. We disagree.

A.R.S. section 12–502 tolls the "period limited for commencement of [an] action." Under A.R.S. section 23–1023(B) *an injured employee is limited* to a period of only one year in which he or she may bring third party claims. For that employee, A.R.S. 23–1023(B) operates as *a* limitation period, even if it is not one enumerated in A.R.S. section 12, chapter 5. The mere possibility that the claim may be reassigned to the employee by the employer or its insurer does not change the fact that the employee's unconditional right to bring it is lost after one year.

Furthermore, applying the tolling effect of A.R.S. section 12–502 to the assignment provision in A.R.S. section 23–1023(B) is consistent with the legislative intent evidenced in the workers' compensation statutes. The legislature included a tolling provision in A.R.S. section 23–1061(A) to suspend the one-year time limit for filing a workers' compensation claim for individuals who are insane, legally incompetent, or incapacitated at the time of the injury or at any time during

---

3. This court has recently described the legal disability of incompetent persons:

> An incompetent person cannot bring or defend a legal proceeding in person. Of course, an action can be brought on behalf of the incompetent by a guardian *ad litem* or general guardian. However, whether such an action is in fact brought depends on good fortune since the incompetent is helpless.

*Kiley v. Jennings, Strouss, & Salmon*, 187 Ariz. 136, 140, 927 P.2d 796, 800 (1996).

the one year period for filing the claim. A distinct workers' compensation provision was necessary because A.R.S. section 12–502 applies only to "a person entitled to bring *an action*," (emphasis added) which is defined as "any matter or proceeding in a court, civil or criminal," A.R.S. section 1–215. Since a workers' compensation claim is neither a civil nor criminal action, A.R.S. section 23–1061(A) was needed to afford incompetent workers' compensation claimants the same rights as those enjoyed by civil or criminal claimants.

It would be anomalous for the legislature to have thus recognized the need to suspend the time within which an incompetent person may file a compensation claim but then not to have recognized the need to similarly suspend the time for filing a third party claim. We therefore infer the legislative intent that A.R.S. section 12–502 toll the time limit in A.R.S. section 23–1023(B) and preserve the right of an incompetent worker to file a third party claim.

Nonetheless, defendant argues that it would be improper to import a general tolling provision into the workers' compensation scheme because rights thereunder are "completely statutory." *Sandoval v. Salt River Project*, 117 Ariz. 209, 215, 571 P.2d 706, 712 (App.1977). Citing a New Jersey case, *Polcaro v. City of East Orange*, 121 N.J.Super. 325, 297 A.2d 12, 13 (App.Div.1972), *rev'd*, 63 N.J. 548, 310 A.2d 463 (1973), defendant asserts that a tolling provision found in the "general statutes" cannot apply to a time limit in the workers' compensation system. Defendant thus maintains that the workers' compensation statutes are self-contained and may not make use of legal principles not specifically found therein.

We cannot rely on *Polcaro* for two reasons. First, the opinion was reversed on appeal to the New Jersey Supreme Court. *See* 310 A.2d 463. Second, the reasoning of the opinion does not apply here. *Polcaro* was decided on the basis of New Jersey's specific tolling statute for incompetent persons. The statute at issue specifically delineated each statute and cause of action to which it applied. *See* N.J.S.A. 2A:14–21. A.R.S. section 12–502 is not so restricted. Moreover, when the workers' compensation statutes

have been silent on an issue, our supreme court has applied principles from outside the system to achieve an equitable result. *See, e.g., Aitken*, 183 Ariz. at 391–92, 904 P.2d at 460–61 (interpreting the effect of A.R.S. section 12–2506, abolishing joint and several liability, upon the lien provision of A.R.S. section 23–1023(C)); *Tisdel v. Industrial Comm'n*, 156 Ariz. 211, 212–13, 751 P.2d 527, 528–29 (1988) (holding that A.R.S. section 44–1201, the "general interest statute," applies to past due compensation benefits).

In addition, were we to adopt defendant's argument, serious doubt would be cast upon the constitutionality of applying the automatic assignment of A.R.S. section 23–1023(B) to those rendered mentally incompetent by their industrial injuries. Article 18, section 6 of our state constitution provides that, "[t]he right of action to recover damages for injuries shall never be abrogated. . . ." In *Barrio v. San Manuel Div. Hosp.*, 143 Ariz. 101, 692 P.2d 280, our supreme court held unconstitutional, under the nonabrogation clause, a statute which required that any action arising out of medical malpractice committed upon a minor under the age of seven years be brought no later than the minor's tenth birthday. The court reasoned that a cause of action for negligence is abrogated if no "reasonable election" or choice is afforded to the person originally entitled to pursue the action. *Id.* at 106, 692 P.2d at 285 (*quoting Ruth v. Industrial Comm'n*, 107 Ariz. 572, 575, 490 P.2d 828, 831 (1971) (emphasis deleted)). The supreme court therefore applied the general tolling provision of A.R.S. section 12–502.

Our courts have similarly applied the principles enunciated in *Barrio* to protect the right of mentally incompetent persons to bring personal injury actions. *Sahf v. Lake Havasu City Ass'n for the Retarded*, 150 Ariz. 50, 54–55, 721 P.2d 1177, 1181–82 (App. 1986) (in order to protect the right of a mentally incompetent person to bring a personal injury action, A.R.S. section 12–502 must toll the statute of limitations regardless of whether a guardian has been appointed); *Kiley*, 187 Ariz. at 140, 927 P.2d at 800 (same, except applied to action for legal malpractice).

Were we to hold that the automatic assignment in A.R.S. section 23–1023(B) applied to incompetent persons without regard to the tolling provision in A.R.S. section 12–502, we would be allowing an incompetent person to lose her cause of action by assignment without ever having had the opportunity of bringing it herself. That would offend the Arizona Constitution's nonabrogation clause. *See Aitken,* 183 Ariz. at 389, 904 P.2d at 458.

 We therefore conclude that, when an employee is rendered mentally incompetent by an industrial injury, A.R.S. section 12–502 tolls the one-year limitation of A.R.S. section 23–1023(B) within which that employee may bring a third party action for damages.[4]

## II. The Claims of Sarah's Husband and Adult Children

 Joseph and the children assume by their argument that, if the time limit on Sarah's claim is tolled by A.R.S. section 12–502, then the time limit on their claims is similarly tolled. We disagree.[5] The tolling effect of A.R.S. section 12–502 "is applicable only to the personal claims of those for whose benefit the statute was enacted." *Sahf,* 150 Ariz. at 56, 721 P.2d at 1183. Since these plaintiffs do not fall within the group of persons protected by A.R.S. section 12–502, their claims are not preserved by the statute.

 In the alternative, Joseph and the children argue that their claims are not subject to automatic assignment and were therefore filed timely under A.R.S. section 12–542, the general statute of limitations for personal injury. This argument, however, was not raised before the trial court and has therefore been waived. *Sahf,* 150 Ariz. at 53, 721 P.2d at 1180. Accordingly, the decision of the trial court is affirmed as to these claims.

4. We summarily reject defendant's argument that plaintiffs' complaint was "fatally deficient because it fail[ed] to identify [Sarah] as mentally incompetent." The original complaint and both amended complaints allege that Sarah is "legally incompetent."

  We also reject defendant's argument that, regardless of our resolution of the statute of limitations issue, plaintiffs failed to provide sufficient evidence of Sarah's mental incompetence to withstand summary judgment. Before the trial court, defendant admitted that "a question of fact exists as to whether Sarah Dugan is of

## CONCLUSION

Both plaintiffs and defendant have asked for an award of costs on appeal. Pursuant to A.R.S. section 12–342, we order that defendant bear all costs on appeal related to Sarah's claims, and that Joseph and the children bear all costs on appeal related to their claims.

The decision of the trial court granting summary judgment to defendant is reversed as to Sarah's claims and affirmed as to all other claims. This case is remanded to the trial court for further proceedings consistent with this opinion.

PATTERSON, P.J., and LANKFORD, J., concur.

'unsound mind' within the meaning of § 12–502." Defendant may not now defend its summary judgment on a basis that was not argued below. *Contempo Constr. Co. v. Mountain States Tel. & Tel. Co.,* 153 Ariz. 279, 282, 736 P.2d 13, 16 (App.1987).

5. Although this is a fair interpretation of appellants' position as stated in the briefs, their attorney conceded at oral argument that the claims of Joseph and the children would not be saved by A.R.S. section 12–502.