955 P.2d 971

Elmer OAKS, a single person,
Plaintiff/Appellant,

v.

Randal J. McQUILLER, a single
person, Defendant/Appellee.

No. 2 CA–CV 97–0001.

Court of Appeals of Arizona,
Division 2, Department B.

Jan. 29, 1998.

Redesignated as Opinion and Publication
Ordered March 10, 1998.

Goldberg & Osborne by John E. Osborne and Page C. Axen, Tucson, for Plaintiff/Appellant.

Gust Rosenfeld, P.L.C. by Christopher A. LaVoy, Phoenix, for Defendant/Appellee.

## OPINION

ESPINOSA, Judge.

¶1 Plaintiff/appellant Elmer Oaks appeals from a summary judgment granted in favor of defendant/appellee Randal J. McQuiller in Oaks's personal injury action. For the reasons set forth below, we vacate and remand.

### Facts and Procedural Background

¶2 The facts in this case are not in dispute. Oaks and McQuiller were involved in an automobile accident in which Oaks was injured. At the time of the collision, Oaks was acting in the course and scope of his employment but did not apply for workers' compensation benefits, although he had not opted out of the workers' compensation scheme. Ariz. Const. art. 18, § 8; A.R.S. § 23–906(C). Eighteen months later, Oaks filed a personal injury claim against McQuiller without requesting reassignment of his third-party tort claim from his employer's workers' compensation carrier. McQuiller moved for summary judgment, arguing that pursuant to A.R.S. § 23–1023(B), Oaks's third-party claim had been assigned to the carrier as a matter of law, and Oaks no longer had a claim to prosecute because he had failed to obtain reassignment from the carrier as that statute required. The trial court agreed and granted McQuiller's motion. This appeal followed.

334

## Standard of Review

¶ 3 Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Orme School v. Reeves,* 166 Ariz. 301, 802 P.2d 1000 (1990). Oaks's appeal involves issues of statutory and constitutional interpretation, which we review *de novo. Little v. All Phoenix South Community Mental Health Center, Inc.,* 186 Ariz. 97, 919 P.2d 1368 (App.1995).

## Application of A.R.S. § 23–1023

█ ¶ 4 Section 23–1023, A.R.S., provides in pertinent part as follows:

A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in event of death his dependents, may pursue his remedy against such other person.

B. If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the payment thereof, or may be reassigned in its entirety to the employee or his dependents. After the reassignment, the employee entitled to compensation, or his dependents, shall have the same rights to pursue the claim as if it had been filed within the first year.

Subsection C provides that in the event the injured employee pursues a civil remedy, the employee is still entitled to workers' compensation benefits, and gives the responsible employer/carrier a lien on the employee's recovery from the third-party to the extent of benefits actually paid. Oaks contends that an injured employee's third-party tort claim cannot be assigned pursuant to § 23–1023

absent the filing of a workers' compensation claim or the actual payment of benefits to the injured employee. McQuiller responds that one year after the claim arises, the assignment under § 23–1023 is automatic, regardless of whether the injured employee actually applied for or received benefits.

█ ¶ 5 In construing a statute, we attempt to determine and give effect to the legislature's intent. *Dugan v. Fujitsu Business Communications Systems, Inc.,* 188 Ariz. 516, 937 P.2d 706 (App.1997). We first look to the language of the statute, applying it without resorting to other rules of statutory construction if it is plain and unambiguous. *Id.* However, the language at issue must be considered in the context of the entire statutory scheme of which it is a part. *Id.* We construe workers' compensation laws "liberally, remedially, and in a manner ensuring that injured employees receive maximum available benefits." *Aitken v. Industrial Comm'n,* 183 Ariz. 387, 392, 904 P.2d 456, 461 (1995).

¶ 6 Division One of this court recently addressed the same issue involved here in *Moretto v. Samaritan Health System,* 190 Ariz. 343, 947 P.2d 917 (App.1997). Finding conflicting inferences between subsection A, which makes applicability of § 23–1023 depend on entitlement to compensation,[1] and subsection C's limitation on the carrier's lien to compensation actually paid, the court held that an assignment pursuant to § 23–1023(B) does not occur unless the injured employee makes a claim for or accepts workers' compensation benefits. The court noted that § 23–1023(B) is not a statute of limitations, but rather is "part of a statutory scheme that requires tortfeasors to pay damages to those injured by their wrongs, that reimburses employers/carriers for their compensation liability, and that allows injured employees to receive the excess of the damage recovery over compensation but eliminates any double recovery." 190 Ariz. at 348, 947 P.2d at 922. The court concluded that the purposes of the statute would not be served when the injured employee has not claimed or accepted bene-

---

1. Under A.R.S. § 23–1021(A), an injured employee is entitled to compensation if the injury arose

out of and in the course of employment.

fits, thereby eliminating the possibility of a double recovery, and the responsible carrier has paid no benefits and, therefore, has no right to reimbursement under subsection C.[2] Applying § 23–1023(B) in such situations would "merely create a trap for the unwary and unnecessarily shield an alleged tortfeasor from liability." *Id.* *See also Davis v. Reed,* 188 Kan. 159, 360 P.2d 847 (1961).

¶ 7 We agree with the reasoning of *Moretto.* Furthermore, adopting McQuiller's position would be contrary to the well-established principle that the assignment and reassignment provisions of § 23–1023 were not intended to benefit third-party tortfeasors, or to relieve them from liability. *Moretto; see also Smith v. Payne,* 156 Ariz. 506, 753 P.2d 1162 (1988); *Chevron Chemical Co. v. Superior Court,* 131 Ariz. 431, 641 P.2d 1275 (1982). Moreover, applying the automatic assignment in this situation would vitiate the overriding theme of the workers' compensation system, which is "to preserve a claimant's opportunity to be made whole to the fullest possible extent—nothing more nor less." *Aitken,* 183 Ariz. at 392, 904 P.2d at 461.

 ¶ 8 McQuiller argues that the history of § 23–1023 evinces the legislature's intent that the assignment need not be conditioned on an application for benefits. As originally written, § 23–1023(A) required an employee injured by a negligent third party to choose between receiving workers' compensation benefits and pursuing a claim against the third party. If the employee applied for workers' compensation benefits, subsection B automatically assigned the third-party claim to the carrier. In 1968, the legislature substantially rewrote the statute to its current form, eliminating the requirement in subsection A that the employee choose which remedy to pursue and eliminating subsection B's requirement that a claim for benefits be filed to precipitate the assignment. It appears that the replacing of the phrase "[i]f the election is to take compensation" with "[i]f the employee is entitled to

compensation" in subsection B was simply to comport with the deletion of the election provision in subsection A. We do not believe the legislature considered, much less intended, the anomaly that would result under McQuiller's interpretation of § 23–1023(B) and circumstances such as those at hand. We will not imply a legislative intent that is at odds with the statutory scheme. *See Aitken; Dietz v. General Electric Co.,* 169 Ariz. 505, 821 P.2d 166 (1991); *Moretto.*

¶ 9 In view of our resolution of this issue, we need not address Oaks's arguments regarding the constitutionality of § 23–1023. *Aitken.* The judgment in favor of McQuiller is vacated and the matter is remanded to the trial court for further proceedings.

PELANDER, P.J., and HOWARD, J., concur.

---

2. An injured employee has one year from the date of injury to bring a claim for workers' compensation benefits. A.R.S. § 23–1061(A). As McQuiller points out, there are exceptions in

§ 23–1061 that could expose a carrier to liability after one year has passed, but none of those exceptions applies here.