NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

BARBARA LANSDON, Deceased.

PEGGY PETERSON JOHNSON, *Interested Party/Appellant*,

*v.*

LISA WALTON, *Personal Representative/Appellee*.

No. 1 CA-CV 14-0194
FILED 5-14-2015

Appeal from the Superior Court in Apache County
No. S0100PB201100026
The Honorable Donna J. Grimsley, Judge

**AFFIRMED**

COUNSEL

John A. Banker, Attorney at Law, Taylor
By John A. Banker
*Counsel for Interested Party/Appellant*

Murphy Law Firm, Inc., Phoenix
By Thomas J. Murphy
*Counsel for Personal Representative/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

_____

**G E M M I L L**, Judge:

¶1            Peggy Peterson Johnson appeals from the superior court's order granting her sister Lisa Walton's request for attorney fees and expenses incurred as the personal representative of their deceased mother's estate.  For the reasons that follow, we affirm.

**BACKGROUND**

¶2            Johnson and Walton are the adult daughters of Barbara Lansdon, who died on April 12, 2011.  Lansdon's Will designated Walton as the personal representative ("PR") of her estate.  Eight days later, Walton initiated probate proceedings by applying for appointment as the PR.  The court granted Walton's application.

¶3            The Will directed various items of Lansdon's tangible personal property be given to Johnson and Walton.  The Will further directed that items not specifically disposed of be added to Lansdon's residuary estate and distributed according to the instructions of The Lansdon Family Trust.  Johnson and Walton are co-trustees of the Trust.

¶4            As the probate matter proceeded, the record reflects Johnson frustrated Walton's attempts to administer the estate.  For example, Johnson and her husband attempted to transfer funds from the Trust's bank accounts to their personal accounts the day before Lansdon died.  Johnson also succeeded in obtaining the original Will and Trust documents from Lansdon's accountant, which resulted in Walton filing an emergency motion with the court seeking production of those items.  Additionally, Johnson, who was living in Landson's home in Eagar during the probate proceedings, prevented Walton from accessing the home to conduct an inventory of the estate's assets.  As a result, Walton had to make multiple trips from her home in Oregon to Arizona.  Furthermore, Johnson refused to co-sign checks drawn on the Trust's bank accounts, thereby preventing

payments to the estate's creditors.  Johnson also refused to co-sign Motor Vehicle Division affidavits.

¶5          On January 14, 2014, Walton moved for approval of payment of her costs incurred in administering the estate, including her attorney fees.[1]  Johnson objected.  The court held an evidentiary hearing on the matter and took testimony from the parties.  Subsequently, the court issued a signed order approving $15,125.94 of the $16,945.10 Walton requested.  The amount approved includes $8,081.20 in attorney fees.  The court's order also states that the expenses and fees "are initially an obligation of the Estate to the extent of assets and thereafter subject to the provisions of the Trust."[2]  Johnson appealed from that order, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(9).

## DISCUSSION

¶6          Johnson raises two issues on appeal.  First, she contends the court erred in approving Walton's expenses, including her attorney fees, incurred as the PR of the estate.  Second, Johnson argues the court lacked the authority to order payment of estate expenses from the Trust.

### I.   Walton's Expenses and Attorney Fees

¶7          A personal representative that defends or prosecutes any proceeding in good faith is entitled to receive necessary expenses, including attorney fees, from the probate estate.  A.R.S. § 14-3720; *see In re Estate of Gordon*, 207 Ariz. 401, 408, ¶ 37, 87 P.3d 89, 96 (App. 2004) ("It is undisputed that payment of attorneys' fees is considered an expense of administration."); *see also* A.R.S. § 14-11004(A) (establishing that a trustee is

---

[1]  Walton initially filed her motion on December 3, 2013, but she failed to include an application that complies with *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App. 1983).  Accordingly, Walton filed a revised motion on January 14, 2014 that included a proper fee application.

[2]   At the hearing, the court also addressed Johnson's Petition for Construction and Interpretation of Trust and Will, wherein Johnson alleged Walton forfeited her interest in the Trust and estate because she instigated the probate proceeding in violation of the Will's and Trust's respective *in terrorem* clauses.  The court found Johnson failed to present evidence that Walton directly attacked the Will or the Trust; thus, the *in terrorem* clauses were not implicated.  Johnson does not challenge this ruling on appeal.

entitled to expenses incurred in connection with administering the trust). A PR's expenses incurred in "finding the assets of the estate, of discharging its obligations, of preventing waste, and of carrying out the expressed wishes of the testator" are expenses of administration. *Garver v. Thoman*, 15 Ariz. 38, 42, 135 P. 724, 725 (1913).

**¶8**　　　We review a court's approval of a PR's request for administrative expenses for an abuse of discretion. *See Matter of Wright's Estate*, 132 Ariz. 555, 560, 647 P.2d 1153, 1158 (App. 1982) ("The allowance of extraordinary fees to a personal representative is a matter within the discretion of the trial court.") *disapproved of on other grounds by Marvin Johnson, P.C. v. Myers*, 184 Ariz. 98, 907 P.2d 67 (1995). Similarly, "[t]he reasonableness of compensation for the attorneys representing the personal representative is peculiarly within the knowledge of the probate court and will not be disturbed absent a showing of abuse of discretion." *Id.* Under such a standard, we view the record in the light most favorable to upholding the superior court's decision, and we will not disturb that decision if it is supported by any reasonable basis. *In re Indenture of Trust Dated Jan. 13, 1964*, 235 Ariz. 40, 51, ¶ 41, 326 P.3d 307, 318 (App. 2014).

**¶9**　　　We find no abuse of discretion here. Arizona Code of Judicial Administration Rule 3-303(D)(1) governs the court's approval of a PR's request for compensation. *See* Ariz. R. Prob. P. 33(F). Rule 3-303 explains that the court must "[w]eigh the totality of the circumstances in each case" to determine whether the request complies with the compensation guidelines. Walton's motion for approval of payment included an itemized affidavit of attorney fees, explanations of her travel and lodging expenses, and explanations of her time expended. This evidence provides a reasonable basis on which the court could conclude that the request for fees complied with Rule 3-303, thereby justifying an award of compensation.

**¶10**　　　Johnson asserts the court abused its discretion in awarding Walton her PR expenses because Walton "administered the estate in an elaborate, expensive, inefficient, and incomplete manner, consistent with [Walton's] best interests[.]" We disagree. The record reflects Johnson's obstructionist tactics prohibited Walton from efficiently administering the estate. The itemized fee statement indicates a significant amount of time spent by Walton's counsel responding to Johnson's interference with Walton's efforts to administer the estate, and Walton's counsel informed counsel for Johnson at least twice that Walton was incurring extensive expenses and fees in the administration of the estate "due to [Johnson's] tactics." Thus, Johnson knew—or at least should have known—that her

actions were escalating Walton's PR expenses, which included costs associated with traveling to and lodging in Arizona.

¶11        We also disagree with Johnson's argument that it was the court's responsibility to determine the reasonableness of the fees requested. Johnson concedes that the attorney fee affidavit Walton submitted satisfies the requirements set forth in *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App. 1983). Accordingly, it was Johnson's burden "to demonstrate why any of the billing entries were immaterial, irrelevant or otherwise unreasonable." *State ex rel. Corbin v. Tocco*, 173 Ariz. 587, 594, 845 P.2d 513, 520 (App. 1992). In her response to the revised motion for approval of payment, Johnson only generally complained that Walton's attorney fee request was unreasonable, and Johnson "[disagreed] with the alleged basis of numerous itemized entries[.]" Such a general objection to a fee affidavit is insufficient to establish the requested fees' unreasonableness. *See id.; see also* Ariz. R. Prob. P. 33(D) ("If a petition for compensation or fees is contested, the objecting party shall set forth all specific objections in writing[.]"). At the evidentiary hearing, Johnson focused almost entirely on her allegation that Walton violated the Will's and Trust's *in terrorem* clauses by initiating the probate proceeding. Johnson did not raise any additional arguments regarding the bases for her objection to Walton's request for attorney fees.

¶12        Johnson also argues Walton's counsel charged for time spent on a number of actions that were "taken in bad faith[.]" These arguments regarding specific "actions" were not raised in superior court and are, therefore, not properly preserved for our review. *See Dugan v. Fujitsu Bus. Commc'n. Sys., Inc.*, 188 Ariz. 516, 521, 937 P.2d 706, 711 (App. 1997) (finding an argument waived because it was not raised before the trial court).

¶13        For these reasons, we conclude the court's approval of Walton's request for expenses and attorney fees is supported by the record. The court, therefore, acted within its discretion in approving that request. *See Matter of Wright's Estate*, 132 Ariz. at 559, 647 P.2d at 1157 (holding disproportionate fee award was proper because administrator's "extraordinary services" were necessary to resolve "problems encountered" during administration of estate, including disarray of estate's affairs at time administration commenced and co-administrator's obstructionist activities) *disapproved of on other grounds by Myers*, 184 Ariz. at 101, 907 P.2d at 70.

## II.  Payment From Trust Assets

¶14        Johnson contends the court erred in ordering the Trust to pay Walton's expenses and fees to the extent the estate lacks the assets to do so. In support, Johnson cites to *Matter of Estate of Mason*, 190 Ariz. 312, 947 P.2d 886 (App. 1997).  However, that case is inapposite because, unlike here, it concerns the apportionment of an estate's tax liability between probate and non-probate assets, an issue that is specifically addressed by state statutes. *Mason*, 190 Ariz. at 313–14, 947 P.2d at 888–89.

¶15        In addition to Johnson's lack of supporting authority, we note that the Will and Arizona law support the court's order.  Article III of the Will provides, in relevant part:

> I direct that my Personal Representative shall confer with the Trustee of my Revocable Living Trust regarding payment of my funeral expenses, expenses of last illness, claims, *costs of administration*, *other proper charges against my estate*, as well as inheritance, death and estate taxes, including interest and penalties thereon assessed by reason of my death.  *I have directed payment of these items under the trust agreement hereafter mentioned and I confirm that direction.*

(Emphasis added.)  Further, Arizona law similarly states, in pertinent part:

> After the death of a settlor, and subject to the settlor's right to direct the source from which liabilities will be paid, *the property of a trust that was revocable at the settlor's death is subject to* claims of the settlor's creditors, *costs of administration of the settlor's estate*, the expenses of the settlor's funeral and disposal of remains and statutory allowances to a surviving spouse and children *to the extent the settlor's probate estate is inadequate to satisfy those* claims, *costs, expenses* and allowances, except to the extent that state or federal law exempts any property of the trust from these claims, costs, expenses or allowances.

A.R.S. § 14-10505(A)(3) (emphasis added).

¶16        For these reasons, the court did not err in requiring the Trust to pay Walton's PR expenses and attorney fees in the event the estate lacks sufficient assets.

**CONCLUSION**

¶**17**　　　　The court's order approving Walton's request for PR expenses and attorney fees is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama