OROZCO, Judge:
¶ 1 Plaintiff Stephanie Jackson (Jackson) appeals the superior court's judgment in favor of Defendants Eagle KMC, LLC, Rachael Gabriella Hender, Werner Enterprises, Inc., and Drivers Management, LLC (collectively Eagle). Because the court erred in granting summary judgment, we reverse and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
¶ 2 The facts in this case are not in dispute. Jackson, a South Carolina resident, was employed as a truck driver by Drivers Management, a Nebraska company. Drivers Management contracted with Eagle, an Arizona *999 company, to train Jackson to drive a semi-tractor trailer. In February 2014, Jackson was riding as a student-passenger in the sleeper berth of a semi-tractor trailer in Golden Valley. Rachael Hender, an Eagle employee, was driving under Werner Enterprises' federal motor carrier USDOT number and authority. Jackson suffered serious injuries after Hender allegedly lost control and rolled the vehicle.
¶ 3 Jackson filed a workers' compensation claim against Drivers Management in Nebraska, as required by her employment contract. The workers' compensation claim was adjudicated in Nebraska. Drivers Management was self-insured for workers' compensation and had a subrogation claim against any third-party recovery.
¶ 4 In February 2016, Jackson filed this lawsuit against Eagle in Mohave County before the running of the two-year statute of limitations under Arizona Revised Statutes (A.R.S.) section 12-542. Jackson included Drivers Management as a defendant solely for the "purpose of reimbursement, under the right of subrogation," as required by Nebraska law.
¶ 5 Eagle filed a motion to dismiss, later converted to a motion for summary judgment, alleging Jackson's complaint was time-barred by A.R.S. § 23-1023.B and Drivers Management was not a proper defendant under A.R.S. § 23-1022.A. Jackson's response explained Drivers Management was included as a defendant solely for subrogation purposes pursuant to Nebraska law, and because Arizona law did not apply to her workers' compensation complaint, the one-year time-bar under A.R.S. § 23-1023.B was inapplicable. In reply, Eagle argued that regardless of whether Jackson received benefits in Nebraska, she was still entitled to workers' compensation benefits in Arizona and thus, § 23-1023.B was applicable.
¶ 6 The superior court found there was no material fact at issue because Jackson's complaint was not filed within one year of the accident, and she did not receive a reassignment from Drivers Management as required under A.R.S. § 23-1023. Therefore, the court concluded that Eagle was entitled to summary judgment as a matter of law.
¶ 7 Jackson filed a motion for reconsideration, Eagle filed a response and oral argument was held. The superior court again granted summary judgment to Eagle and reiterated its original findings. Jackson timely appealed and we have jurisdiction pursuant to A.R.S. § 12-2101.A.
DISCUSSION[2]
¶ 8 Entry of summary judgment is proper "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We determine de novo whether any genuine issue of material fact exists and whether the superior court erred in applying the law, and will uphold the court's ruling if correct for any reason. Logerquist v. Danforth , 188 Ariz. 16, 18, 932 P.2d 281, 283 (App. 1996). We construe the evidence and reasonable inferences in the light most favorable to the non-moving party. Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund , 201 Ariz. 474, 482, ¶ 13, 38 P.3d 12, 20 (2002).
¶ 9 Issues of statutory interpretation and application are reviewed de novo. Pima Cty. v. Pima Cty. Law Enf't Merit Sys. Council , 211 Ariz. 224, 227, ¶ 13, 119 P.3d 1027, 1030 (2005). "We construe workers' compensation laws liberally, remedially, and in a manner ensuring that injured employees receive maximum available benefits." Oaks v. McQuiller , 191 Ariz. 333, 334, ¶ 5, 955 P.2d 971, 972 (App. 1998) (internal quotations omitted). The statutory language at issue must be considered in the context of the entire statutory scheme. Id .
¶ 10 Jackson argues the superior court erred in granting summary judgment *1000 by finding her claims were barred by A.R.S. § 23-1023. Jackson contends that because she sought and received workers' compensation benefits in Nebraska, and is not seeking additional workers' compensation benefits in Arizona, Nebraska law should control the subrogation claim for her employer. A.R.S. § 23-1023.B protects an employer or insurance carrier's interest in recovering benefits paid to an employee caused by a third party and reads in relevant part:
If the employee who is entitled to compensation under this chapter or the employee's dependents do not pursue a remedy pursuant to this section against the other person by instituting an action within one year after the cause of action accrues ... the claim against the other person is deemed assigned to the insurance carrier or self-insured employer and all of the following apply ... The claim may be prosecuted or compromised by the insurance carrier or the person liable for the self-insured employer or may be reassigned in its entirety to the employee or the employee's dependents. After the reassignment, the employee who is entitled to compensation, or the employee's dependents, shall have the same rights to pursue the claim as if it had been filed within the first year.
¶ 11 This court has not interpreted A.R.S. § 23-1023.B as a statute of limitations. Moretto v. Samaritan Health Sys. , 190 Ariz. 343, 348, 947 P.2d 917, 922 (App. 1997). Instead, "it is part of a statutory scheme that requires tortfeasors to pay damages to those injured by their wrongs, that reimburses employers/carriers for their compensation liability, and that allows injured employees to receive the excess of the damage recovery over compensation but eliminates any double recovery." Id . The statutory scheme was not designed to create a trap for plaintiffs or shield tortfeasors from liability. Id .
¶ 12 Jackson relies on several cases holding that the time limit in A.R.S. § 23-1023.B does not apply when an employee has not applied for or accepted workers' compensation benefits, even if the employee could have filed for such benefits in Arizona. See Moretto , 190 Ariz. at 348, 947 P.2d at 922 ; Oaks , 191 Ariz. at 335, 955 P.2d at 973. Eagle correctly argues these cases are not analogous to the current case as Jackson did apply for and receive workers' compensation benefits. Unlike Oaks and Moretto where there was no employer or insurance carrier to reimburse, Drivers Management has a subrogation claim for the amount it paid Jackson.
¶ 13 Jackson acknowledges Drivers Management has a subrogation interest in her claim. She argues this interest should be controlled by Nebraska legal authorities as her workers' compensation claim against Drivers Management was adjudicated and awarded in Nebraska. Both Arizona and Nebraska law support this contention. "When compensation has been paid the law of the state of compensation should govern in third-party actions including the nature and extent of lien subrogation, and assignment rights." Quiles v. Heflin Steel Supply Co. , 145 Ariz. 73, 77, 699 P.2d 1304, 1308 (App. 1985). In this case, Jackson's workers' compensation benefits were adjudicated and paid in Nebraska. Therefore, Nebraska law governs subrogation, lien, and assignment rights in this action. Jackson satisfied Nebraska's subrogation law by naming Drivers Management as a defendant in her personal injury suit. See Revised Statutes of Nebraska section 48-118. Thus, we conclude the superior court erred in applying the one-year time-bar under A.R.S. § 23-1023.B to Jackson's third-party injury claim.
CONCLUSION
¶ 14 Because we find the superior court erred in granting summary judgment in favor of Eagle, we reverse and remand for further proceedings consistent with this opinion.

Eagle filed a motion to strike part of Jackson's reply pertaining to her employment contract with Drivers Management. Per Eagle, Jackson did not develop this argument in her opening brief. Although the argument was not as fully developed as the argument contained in her reply, Jackson did include and develop arguments pertaining to her employment contract in her opening brief. Therefore, Eagle's motion to strike is denied.